IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RABBI K. A. ISRAEL, et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>CRIME VICTIMS SERVICES DIVISION, )<br>et al., )<br>)<br>)<br>Defendants. ) | No.  05 C 7072<br><br>HONORABLE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

Rabbi K.A. Israel ("Plaintiff"), a *pro se* plaintiff, filed a civil complaint against the Crime Victims Services Division; Violent Crimes Assistance Program; Meisha Lyons;[1] the Violent Crimes Services Division; the Office of the Illinois Attorney General; Lisa Madigan, Attorney General of Illinois and several unidentified defendants (collectively, "Defendants") for a wide variety of constitutional, federal statutory and international human rights violations arising out of their allegedly discriminatory and malfeasant management of the Crime Victims Assistance Program. Before this Court now is Defendants' motion to dismiss the Complaint for failure to state a claim and lack of jurisdiction pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff has not indicated in the complaint in what capacities he is suing Meisha Lyons and Lisa Madigan; either personal or official. In an effort to liberally construe the complaint, this Court will make every attempt to construe the complaint in a manner that would enable it to survive dismissal.

-1-

For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** with prejudice.

I.  FACTUAL BACKGROUND[2]

Plaintiff was the victim of a burglary, a home-invasion and a hate crime.  Having suffered a violent crime, Plaintiff reported the crime to the local police and also researched appropriate crime victim resources throughout the state of Illinois.  Plaintiff received a telephone number of the Crime Victims Services Division of the Illinois Attorney General in Chicago, Illinois.  Plaintiff called the number and announced his name and that he wanted to report an incident and file a claim and complaint.  The telephone answerer put Plaintiff on hold and when she returned to the line, she informed him that he was ineligible for the program.  Plaintiff does not include any other allegations in his complaint relating to the gravamen of this action.

Plaintiff alleges that he was denied service based on his age, ethnicity, religion and gender.  Plaintiff further alleges that Defendants have violated the Sarbanes- Oxley Act of 2002; the Age Discrimination Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, 42 U.S.C. §§ 1981, 1983, 1985 and 1988.  He also alleges that Defendants violated the following sections of the United States Constitution when they discriminated against him and others similarly-situated to him: Article IV, Section 2; Article VI, paragraph 2; the First, Seventh, Eighth, Ninth, and Tenth Amendments and the Equal Protection Clause of the Fourteenth Amendment.  Lastly, Plaintiff also alleges that the Defendants' discrimination violated the following international

---

[2] For the purposes of this motion, the facts alleged in Plaintiff's complaint are taken as true.

laws: Article III of the Geneva Convention; Protocol II of the International Criminal Tribunal of Rwanda; Chapter VII of the United Nations Charter; and Article 14 of the Rome Statute of the International Criminal Court.

As relief for his injury, Plaintiff seeks damages in an amount between $2,700 and $27,000 and employment by the Attorney General as a paralegal/attorney/attorney-in-training with the specific duties of assisting crime victims throughout Illinois. Plaintiff also seeks class action certification in this action.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). On a 12(b)(6) motion, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true, Fed. R. Civ. P. (12)(b)(6), views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). In addition, complaints of *pro se* litigants are construed liberally. McCready v. Ebay, Inc., 453 F.3d 882, 890 (7th Cir. 2006). A court should not dismiss a complaint "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III. ANALYSIS

### A. Standing

Defendants attack Plaintiff's complaint by arguing that he does not have standing to sue the Defendants in federal court. Determining standing is akin to determining "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). Thus, standing is a question of justiciability, which a court must have to hear a matter. Under Article III of the United States Constitution, to establish standing a plaintiff must first have suffered an actual injury or be subject to an imminent injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Second, that injury must be fairly traceable to the defendant's actions. Id. Lastly, a favorable decision rendered by the court must likely redress the plaintiff's injury. Id.

Defendants assert that Plaintiff's injury is not fairly traceable to their actions. Specifically, they assert that Plaintiff has not alleged a causal connection between his denial of crime victim assistance and Defendants because he has not alleged specific adverse action taken by the Defendants against him. "To be held liable for conduct of their subordinates, supervisors must have been personally involved in that conduct." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir.1988). But supervisors who have known of and approved the unconstitutional conduct, or who have acted with deliberate or reckless indifference to that conduct can also be liable. Id. at 992-93.

Plaintiff's alleged injury is the denial of crime victim assistance. He alleges that he called the Crime Victims Services Division and that he was told that he did not qualify. Being told that one does not qualify for a benefit is the same as being denied. Furthermore, Plaintiff alleges the basis of the denial was ethnicity, age, gender and religion. The Defendants are the

official state actors who administer that program. Thus, the Defendants are obviously responsible for the official policies and the repercussions of those policies.

However, Plaintiff has not included any allegations that Lisa Madigan, Meisha Lyons or any other Defendant knew of, directed or supported the actions of the unknown telephone answerer. Plaintiff called a telephone number of the Crime Victims Services Division of the Office of the Illinois Attorney General and that an unidentified woman denied him assistance. Plaintiff fails to allege that any of the Defendants directed the unknown answerer to deny him assistance. Plaintiff fails to allege that it is the official policy or custom of the Illinois Attorney General's Office to deny crime victim assistance on the bases of ethnicity, age, gender or religion of the seeker. Plaintiff fails to allege any other instances of denials of crime victim assistance on the bases of ethnicity, age, gender or religion. Plaintiff even fails to allege that the unknown woman was an employee of the Crime Victims Services Division, although it is reasonable to infer that a person who answered the phone of the office was actually employed by that office. But even if she was an employee, the action of one low-level employee does not, without more, support an inference of unconstitutional policy or practice. In short, the Plaintiff has not made any allegations from which one could infer that the *Defendants* either 1) denied him crime victims assistance on the basis of his ethnicity, age, gender or religion or 2) that it was the official policy or custom of the Crime Victims Services Division is to deny assistance to crime victims on the bases of their ethnicity, age, gender or religion.

Since Plaintiff has not included any allegations that he was not simply a victim of some random misguided employee or that the Defendants knew of even this particular incident, he is unable to demonstrate that the Defendants committed any constitutional violations. Thus,

Plaintiff cannot show that the action he complains of was fairly traceable to the Defendants. Therefore, Defendant's motion to dismiss must be granted as Plaintiff has not satisfied the jurisdictional requirements of Article III.

### B. Eleventh Amendment and suit against State Officials

The Eleventh Amendment to the United States Constitution precludes federal jurisdiction over a State that does not consent to suit. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1997); Edelman v. Jordan, 415 U.S. 651, 662-3 (1974). Suits naming state officials in their official capacity are not suits against the actual officials but rather are suits against the official's office and are therefore equivalent to suits against the State itself. Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989). State agencies and state officers who act on behalf of the State are also protected from suit by the Eleventh Amendment. Lang v. Illinois Dept. of Children and Family Serv., 2002 WL 1759833 (N.D.Ill. 2002). Eleventh Amendment immunity can be abrogated, but only when Congress enacted the law pursuant to section five of the Fourteenth Amendment of the United States Constitution and makes its intent to abrogate unambiguous. Nevada Dep't. of Human Res, 538 U.S. 721 (2003).

Section 1983 establishes liability against persons who deprive others of federally conferred rights. However, section 1983 does not prevail over the Eleventh Amendment proscription of suits against States. Quern v. Jordan, 440 U.S. 332 (1979). States and state agencies are not "persons" capable of being sued under Section 1983. Will, 491 U.S. at 71. Suits that specifically seek damages from state officials in their official capacity are also barred by the Eleventh Amendment. Knox v. McGinnis, 998 F.2d 1405, 1412 (7th Cir. 1992). Section

1983 claims cannot be based solely on a theory of vicarious liability. Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992).

To establish Section 1983 liability the Plaintiff has to allege the Defendants were personally responsible for the deprivation of federal rights. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff must allege that Defendants either knew of the deprivation or acted with deliberate indifference. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). The complaint does not contain any allegations that support personal liability against Lisa Madigan and Meisha Lyons. Plaintiff fails to mention anywhere in the complaint how these Defendants could have been responsible for his denial of service. Nor does he allege that Meisha Lyons or Lisa Madigan could have known of the actions of the unknown woman who answered the phone. Plaintiffs failure to include allegations against Meisha Lyons and Lisa Madigan personally, and his failure to include allegations from which one can infer Defendants' knowledge or deliberate indifference dooms his claims that Defendants violated Section 1983.

### C. Various Domestic Statutes

Even where this court to find that the Plaintiff did have standing, his claims under the various federal statutes would fail because he has not alleged any legally cognizable claims.

#### 1. Title VII, 42 U.S.C. § 1981, ADA, Rehabilitation Act and the ADEA

To establish a prima facie case under Title VII, 42 U.S.C. § 1981, the ADEA, the ADA or the Rehabilitation Act, one must allege that he experienced some adverse employment action. Plaintiff has not alleged that he was employed by Defendants or that he was denied employment by the Defendants. Asking for employment as relief does not establish that Plaintiff was employed or seeking employment with the Defendants. Since the complaint is completely

devoid of an allegation that Plaintiff was employed by or was denied employment by the Defendants, the complaint does not state a claim upon which relief can be granted under Title VII, 42 U.S.C. § 1981, the ADA, the Rehabilitation Act and the ADEA.

### 2. Title 42 U.S.C. § 1985

Title 42 U.S.C. § 1985 deals with conspiracies to interfere with civil rights. One must allege a conspiracy to interfere with civil rights to raise a legally sufficient claim under this statute. Amazingly, Plaintiff has failed to include the word "conspiracy" in his complaint; nor has he managed to include any other language from which one can infer that he is trying to communicate that two or more persons agreed to interfere with his civil rights. Simply naming people and entities in the caption of the complaint and then stating that the defendants violated Section 1985 is insufficient to withstand a motion to dismiss. See Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir. 2002).

### 3. Title 42 U.S.C. § 1988

Section 1988 applies to the awards of attorneys' and experts' fees in actions where civil rights have been vindicated. Plaintiff is a *pro se* non-lawyer. Plaintiff has not alleged that he has retained any experts. Therefore, Plaintiff cannot possibly obtain relief under Section 1988.

### 4. Sarbanes-Oxley

The Sarbanes-Oxley Act of 2002 merely expands the period within which a private action can be brought without being barred by the applicable statute of limitations; it does not enable private actions. See 15 U.S.C. § 7201 *et seq*. Plaintiff cannot fashion a legally cognizable claim under this statute.

### D. Various International Laws

Plaintiff cannot maintain a cause of action in this court under any of the following: Article III of the Geneva Convention; Protocol II of the International Criminal Tribunal of Rwanda; Chapter VII of the United Nations Charter; or Article 14 of the Rome Statute of the International Criminal Court. To maintain an action under those laws, Plaintiff would have to raise his claims in an appropriate international court. Plaintiff would also have to allege that he was a victim of war crimes, genocide, or other such grand crimes against humanity.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** with prejudice.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

Dated: **November 20, 2006**